Paul S. Sienski, (SBN 143464)
paulsienski@sienskilaw.com
711 S. Brea Boulevard
Brea, California 92821
Telephone: (714) 990-5521
LAW OFFICE OF PAUL SIENSKI

Attorney for Plaintiff,
**CARLOTTA MIRAFLOR**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CARLOTTA MIRAFLOR, an individual;<br><br>Plaintiff,<br><br>v.<br><br>PEACHSTATE HEALTH MANAGEMENT, LLC, dba AEON GLOBAL HEALTH, a business entity form unknown; SONNY ROSHAN, an individual; DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **ASSUALT AND BATTERY;**<br>2. **SEXUAL HARRASMENT;**<br>3. **RETALLIATION;**<br>4. **WRONGFULT TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**<br>6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff, CARLOTTA MIRAFLOR, alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, CARLOTTA MIRAFLOR ("MIRAFLOR"), is an individual living and working in Riverside County, California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant, PEACHSTATE HEALTH MANAGEMENT, LLC, dba AEON GLOBAL HEALTH ("AEON"), was and is a business entity, form unknown, formed in the State of Georgia and doing business in Hall County, State of Georgia.

3.  Plaintiff is informed and believes, and based thereon alleges, that Defendant, SONNY ROSHAN ("ROSHAN"), was and is an individual living and working in Hall County, State of Georgia.

4.  Jurisdiction in proper in this court by Diversity Jurisdiction under 28 U.S.C. section 1332 and the amount in controversy exceeds $75,000.00 as well as by Federal Question Jurisdiction under 42 U.S.C. section 2000e, et seq. Venue is proper in this court as the plaintiff lives in this district and the defendant is doing business in the district.

5.  The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein fictitiously as DOES 1 through 10, inclusive, are unknown to Plaintiff. Plaintiff will amend her Complaint to show the true and correct names and capacities of said fictitiously named Defendants when the same have been ascertained.

6.  Plaintiff is informed and believes and based thereon alleges that the Defendants, and each of them, were the agents, employees and representatives of each other doing things alleged herein and in so doing were acting within the scope of their respective authority and agency as such agents, employees and representatives, and are jointly and severally liable to the Plaintiff.

7.  Miraflor has over 25 years of experience as a health care management consultant to individual practices, small and large medical groups and organizations, managed care organizations, and other healthcare industry organizations, including marketing and sales for laboratories testing for urine toxicology, women's health, health technology, genomics including pharmacogenetics and cancer, and information technology software known as EHR. Miraflor's residence and base of operations for her business at the times alleged in the complaint was Los Angeles, California.

/ / /

/ / /

8. Aeon was and is a laboratory that conducts urine toxicology tests, toxicology, genomics including pharmacogenetics and cancer, women's health, and health technology. Roshan is a co-founder of Aeon as well as the Chairman of Aeon's board of directors since Aeon's founding in 2011. Plaintiff is informed and believes and on that basis, alleges, that Roshan is also an officer and shareholder in Aeon. Plaintiff is informed and believes, and on that basis, alleges that Aeon has over and above 20 employees. Aeon has entered into a contract with MediCal to perform laboratory testing on California patients.

9. Aeon hired Miraflor in June 2016 because of her extensive experience and knowledge to market and sign large volume accounts in Illinois and other states including California. Each large account was expected to generate over $100 million in annual sales which would earn Miraflor millions of dollars in annual income. At the same time, Aeon also agreed to hire several other people with whom she was affiliated. These people would service these large accounts as well as bring in other accounts that generated millions of dollars in annual sales. The other people were considered part of Miraflor's Team. Miraflor would receive credit and be paid for the income generated by Miraflor's Team.

10. The initial account was a large medical corporation located in Illinois ("Client Number 1") that required testing for urine toxicology, etc. Aeon was to be the laboratory that performed the urine toxicology testing. The primary payor for the tests was Illinois Medicaid. Under the applicable federal law and regulations, Miraflor was Aeon's employee.

11. Miraflor arranged for a meeting of principles and decision makers between Client Number 1 and Aeon in June, 2016 that would occur in Chicago Illinois. Aeon paid for Miraflor's airplane and travel expenses, meals, and lodging at an expensive hotel in Chicago. Aeon also arranged for Roshan and Aeon's CEO to stay at the same hotel so that the three could meet and plan their activities while they made a presentation and negotiated with Client Number 1.

12. On or about June 14, 2016, Roshan, Aeon's CEO, and/or Miraflor had meetings and meals throughout the day with Client Number 1's decision makers and executives as well as one of Client Number One's primary managed care payors. Roshan began drinking alcohol during lunch and throughout the afternoon. By dinner time, Roshan was very drunk on alcohol. The meetings with Client Number 1 extended to dinner which was attended by Roshan, a decision maker from Client Number 1, Aeon's CEO, and Miraflor. During dinner, Roshan began "hitting" on Miraflor who refused his advances. Roshan became frustrated over the refusal and started making derogatory remarks about Miraflor and kicking her leg underneath the table. Roshan continued drinking alcohol during dinner and became more belligerent. Miraflor become very upset with Roshan's derogatory, sexual innuendos and nasty statements.

13. After dinner, Roshan, Aeon's CEO, and Miraflor took a taxi back to their hotel. During the ride, Roshan repeatedly punched Miraflor's breast and acted violently drunk towards Miraflor. By the time, the taxi arrived at the hotel, Roshan had lost consciousness. Aeon's CEO and the hotel doorman carried Roshan out of the taxi. Miraflor was crying and went to her hotel room.

14. The following morning, Miraflor met with Aeon's CEO for breakfast and while crying, she gave the CEO a detailed account of the sexual battery and assault. Aeon's CEO apologized and agreed to raise the issue with Roshan. Roshan eventually attended breakfast and was very disheveled and appeared hung over. Roshan apparently had a "black out" and did not acknowledge the sexual battery and assault. Later on, as Miraflor was checking out of the hotel, Roshan saw Miraflor in the lobby and asked to use her room so that he could get a massage. Roshan then showed her a picture of a woman who was apparently going to be the masseuse. Miraflor, felt humiliated and very uncomfortable with the request which she refused.

/ / /

/ / /

15. Afterwards, Miraflor told Aeon's CEO that she never wanted to see Roshan again. Aeon's CEO agreed that she would only have to work with Aeon's CEO. As a result, Miraflor continued to market Aeon to large accounts.

16. Miraflor arranged a meeting with another large account in Tampa Bay, Florida ("Client Number 2"). The meeting occurred on or about June 21, 2016 in Tampa Bay which was attended by decision makers from Client Number 2, Aeon's CEO, and Miraflor. Unexpectedly, Roshan appeared at a dinner meeting that evening. Miraflor was surprised because Aeon's CEO has assured her that there would be no further meetings with Roshan. Again, Roshan was drinking alcohol. During the dinner, Roshan became belligerent and was verbally abusive and physically hostile towards Miraflor. Miraflor felt like Roshan was retaliating against her because she had reported his violent drunken behavior and sexual assaults to Aeon.

17. Plaintiff is informed and believes and based on that information and believe through conversations with other people at Aeon in July and August 2016, that Roshan had a history of violent drunken behavior and sexual assaults against women who filed complaints against Roshan. Roshan's behavior was brought to the attention of the Board of Directors who recommended that Roshan go to a rehabilitation clinic. Roshan refused. Apparently, Aeon's Board of Directors did not push the issue.

18. Aeon's CEO apparently raised Roshan's drunken sexual assault on Miraflor to the Board of Directors. Aeon's response was to terminate Aeon's CEO in August 2016.

19. In or about August 2016, Aeon followed up the termination of the CEO by refusing to administratively hire and process for employment other people on Miraflor's team who had clients willing to switch laboratories to Aeon. One of the members of Miraflor's team was located in California as were his clients. The reason Aeon did not want to process the other members of Miraflor's team was to

provide a false basis for terminating Miraflor by claiming she was not producing specimens for testing.

20. On or about September 6, 2016, Aeon terminated Miraflor because she had not produced specimens for testing. The letter was pretextual and in retaliation for Miraflor's complaints about the sexual harassment and assaults. Miraflor believes that Roshan was trying to intimidate her into having a sexual encounter with him because Miraflor is a petite, Asian woman of Filipino heritage. When Miraflor refused and complained, Roshan made sure Miraflor was terminated despite the fact terminating Miraflor cost Aeon hundreds of millions of dollars. At all times, Roshan was acting within the course and scope of his employment with Aeon as its President.

21. Miraflor has exhausted her administrative remedies by timely filing a complaint with the Equal Employment Opportunity Commission, receiving a Right to Sue letter, and timely filing this lawsuit.

## FIRST CAUSE OF ACTION

**(Assault and Battery against Defendants, Roshan, Aeon, and DOES 1-10)**

22. Plaintiff realleges paragraphs 1 through 21, and incorporates by this reference as though fully set forth herein.

23. On or about June 14, 2016, Roshan became drunk and assaulted and/or battered Miraflor. Roshan knew or should have known that his drunken, belligerent and abusive language was a threat to Miraflor's safety. Roshan knew or should have known that repeatedly kicking Miraflor in the leg was harmful and offensive. Roshan knew and intended to hit Miraflor's breast while riding in the taxi to sexually intimidate and harm Miraflor.

24. Roshan's actions and verbal abuse on or about June 21, 2016, created a reasonable belief in Miraflor that Roshan would hit her.

/ / /

25. Miraflor did not consent to Roshan hitting her breast, repeatedly kicking her leg, and/or his abusive, threatening language.

26. In or about June through August, 2016, Aeon's Board of Directors became aware of Roshan's assault and battery on Miraflor and ratified Roshan's actions by failing to conduct a reasonable investigation into Roshan's actions, failing to take any action against Roshan, and allowing the termination of Miraflor. As a result, Aeon is legally responsible for Roshan's actions.

27. Defendants' actions and words were a substantial factor in causing Miraflor harm and personal injury.

28. As a result of defendants', and each of them, assault and battery, plaintiff has been damaged in a sum to be determined at trial, but which is in excess of $75,000.00 including general damages, special damages, emotional distress, and/or costs.

29. The defendants', and each of them, assault and battery was malicious, oppressive, and/or fraudulent and part of a pattern of practice by defendants. This course of conduct entitles plaintiff to punitive damages against the defendants, and each of them.

## SECOND CAUSE OF ACTION

**(Sexual Harassment against Defendants, Aeon, and DOES 1-10)**

30. Plaintiffs reallege paragraphs 1 through 29 and incorporate by this reference as though fully set forth herein.

31. Miraflor was an employee of Aeon. Roshan as the President of Aeon was Miraflor's supervisor.

32. On or about June 14, 2016, Roshan sexually assaulted and battered Miraflor in violation of 42 U.S.C. §§ 2000e, et seq. Roshan then created a hostile work environment by threatening Miraflor on or about June 21, 2016 which continued throughout June to September 2016 in violation of 42 U.S.C. §§ 2000e, et seq.

7
COMPLAINT

33. Miraflor did not consent to the sexual harassment, assaults, batteries, or hostile work environment and the conduct was unwelcome.

34. The defendants' conduct, and each of them, conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

35. Miraflor perceived the working environment to be abusive or hostile.

36. A reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

37. Defendants, and each of them, failed to conduct an investigation, correct Roshan's behavior, or provide corrective opportunities to prevent future harm.

38. On or about September 6, 2016, Miraflor suffered an adverse employment action when Aeon terminated her. The reasons for the termination were pretextual.

39. Defendants' actions and words were a substantial factor in causing Miraflor harm

40. As a result of defendants, and each of them, sexual harassment, creation of a hostile work environment, discrimination against Miraflor based on her gender, race and/or nationality, Miraflor has been damaged in a sum to be determined at trial, including general damages, special damages, back pay, front pay, emotional distress, attorney's fees, and/or costs.

## THIRD CAUSE OF ACTION

**(Retaliation against Defendants, Aeon, and DOES 1-10)**

41. Plaintiffs reallege paragraphs 1 through 40 and incorporate by this reference as though fully set forth herein.

42. Miraflor engaged in or was engaging in an activity protected under federal law, by complaining about Roshan's sexual assault and battery and requesting that she longer had to work with Roshan to Aeon's CEO and then to

8
COMPLAINT

Aeon's board of directors.

43. Aeon, as Miraflor's employer, subjected Miraflor to an adverse employment action by terminating her on September 6, 2016.

44. Miraflor was subjected to the adverse employment action because of her complaining about Roshan's sexual assault and battery and harassment based on Miraflor's gender.

45. Defendants' retaliatory actions caused harm to Miraflor.

46. As a result of defendants, and each of them, retaliation against Miraflor, Miraflor has been damaged in a sum to be determined at trial, including general damages, special damages, back pay, front pay, emotional distress, attorney's fees, and/or costs.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy against Defendants, Aeon, and DOES 1-10)

47. Plaintiffs reallege paragraphs 1 through 46 and incorporate by this reference as though fully set forth herein.

48. Miraflor was an employee of Aeon.

49. Aeon terminated Miraflor.

50. The termination was substantially motivated by a violation of public policy in that Miraflor complained about Roshan's sexual harassment, assault and battery, and brought Roshan's alcoholic behavior to the attention of Aeon's board of directors in pointing out that such behavior adversely affected the ability of Aeon to obtain clients for its services of testing for drugs and alcohol which was a substantial motivating factor in Aeon discharging Miraflor.

51. The discharge caused harm to Miraflor.

52. As a result of defendants', and each of them, assault and battery, plaintiff has been damaged in a sum to be determined at trial, but which is in excess of $75,000.00 including general damages, special damages, emotional distress,

1 and/or costs.

2     53. The defendants', and each of them, assault and battery was malicious, oppressive, and/or fraudulent and part of a pattern of practice by defendants. This course of conduct entitles plaintiff to punitive damages against the defendants, and each of them.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against Defendants, Roshan, Aeon, and DOES 1-10)

54. Plaintiff realleges paragraphs 1 through 53, and incorporates by this reference as though fully set forth herein.

55. Defendants', and each of them, conduct which includes, <u>inter alia</u>, sexual assault and battery, ratification of Roshan's illegal conduct, was outrageous.

56. Defendants', and each of them, intended to cause Miraflor emotional distress, and/or acted with reckless disregard of the probability that Miraflor would suffer emotional distress.

57. Miraflor suffered severe emotional distress.

58. Defendants', and each of them, conduct was a substantial factor in causing harm to Miraflor.

59. As a result of defendants', and each of them, assault and battery, plaintiff has been damaged in a sum to be determined at trial, but which is in excess of $75,000.00 including general damages, special damages, emotional distress, and/or costs.

60. The defendants', and each of them, assault and battery was malicious, oppressive, and/or fraudulent and part of a pattern of practice by defendants. This course of conduct entitles plaintiff to punitive damages against the defendants, and each of them.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

**(Violation of California Business and Professions Code Section 17200 against Defendants, Aeon, and DOES 1-10)**

61. Plaintiffs reallege paragraphs 1 through 60 and incorporate by this reference as though fully set forth herein.

62. Though Miraflor was an employee of Aeon and was required to be characterized as an employee under Federal statutes and regulations, Aeon attempted to characterize Miraflor status as an independent contractor. Aeon also mischaracterized Miraflor's status to avoid paying Miraflor for break and meal time.

63. Aeon's conduct in misclassifying Miraflor as an independent contractor, is a violation of Business and Professions Code section 17200, et seq. in that they constitute fraudulent, unfair, and/or unlawful business practices.

64. As a result of Aeon's violations of Business and Professions Code section 17200, Miraflor has been injured and/or suffered loss of money.

65. Miraflor has no adequate remedy at law because AEON does not acknowledge that Miraflor is an employee and/or paid her for break or meal time.

66. Miraflor requests restitution, attorney's fees, disgorgement of profits and other restitutionary remedies, injunctive relief, and/or costs.

## PRAYER

WHEREFORE, Plaintiff, CARLOTTA MIRAFLOR, prays for judgment as follows:

1. For general, special, consequential damages, back pay, and front pay in an amount to be determined at trial, but in excess of $75,000.00;

2. For emotional distress damages;

3. For punitive damages;

4. For prejudgment and post-judgment interest at the maximum rate;

5. For costs of suit herein incurred;

6. For attorney's fees;

7. An injunction against Aeon requiring Aeon to classify its sales and marketing personnel as employees rather than independent contractors in compliance with Federal law, statutes, and regulations as well as to pay Aeon's and sales and marketing personnel working in California to be paid for breaks and meal time;

8. For such other and further relief as is just and proper.

Dated: October 4, 2017          LAW OFFICE OF PAUL S. SIENSKI

By: ____s/s Paul S. Sienski_____
PAUL S. SIENSKI
Attorney for Plaintiff,
**CARLOTTA MIRAFLOR**

### DEMAND FOR JURY TRIAL

Plaintiff, CARLOTTA MIRAFLOR, hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 4, 2017          LAW OFFICE OF PAUL S. SIENSKI

By: ____s/s Paul S. Sienski_____
PAUL S. SIENSKI
Attorney for Plaintiff,
**CARLOTTA MIRAFLOR**